UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In Re:<br><br>    PSN USA, Inc.<br><br>    Debtor.<br>_____/ | Case No: 02-11913-BKC-AJC<br>Chapter 11 |
| NOB HOLDINGS CORP. in its own name and in the name of THE UNITED STATES OF AMERICA,<br><br>    Plaintiffs,<br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, as the surety of the PSN LIQUIDATING TRUSTEE, DAN FAIR,<br><br>    Defendant.<br>_____/ | Adv. Pro. No. |

## COMPLAINT

Plaintiffs NOB Holdings Corp., in its own name and in the name of the United States of America pursuant to Bankruptcy Rule 2010(b) (collectively, "NOB"), sues defendant Liberty Mutual Insurance Company ("Liberty Mutual") in its capacity as surety for the debtor's Liquidating Trustee, Dan Fair, and states:

### NATURE OF ACTION

1.    This is a proceeding on Liberty Mutual's surety bond covering the faithful performance by the debtor's Liquidating Trustee, Dan Fair, of his official duties. Liberty Mutual issued Surety Bond no. 016027960 entitled "Bond of Liquidating Trustee" on January 8, 2003 (the "Bond"), a copy of which is annexed hereto as Attachment 1.

2. In addition, NOB seeks attorneys fees incurred in prosecuting its claims against Liberty Mutual pursuant to Florida Statutes § 627.428.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 because this is a civil proceeding arising under the Code, or is an action arising in or related to the Debtor's estate. This adversary proceeding is a "core" matter as contemplated by 28 U.S.C. § 157(b)(2).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## PARTIES

5. NOB Holdings Corp., a creditor in the underlying Chapter 11 case, is organized under the laws of Panama with its principal place of business in Argentina.[1] NOB brings this proceeding in its own name as well as, pursuant to Bankruptcy Rule 2010(b), in the name of the United States of America.

6. Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Massachusetts.

## PROCEDURAL BACKGROUND

7. On or about September 22, 2008, NOB commenced a separate adversary proceeding against the debtor's Liquidating Trustee, Dan Fair, captioned *NOB Holdings v. Dan Fair*, Adv. Pro. No. 08-01602-AJC (the "Fair Proceeding"), which is currently pending.

---

[1] NOB formerly was organized under the laws of Aruba under the name "NOB Corp. A.V.V." On or about May 29, 2006, NOB reorganized itself under the laws of Panama and changed its name to "NOB Holdings Corp."

8.     On or about July 1, 2009, NOB filed a Third Amended Complaint in the Fair Proceeding, which asserted, *inter alia*, a claim against Liberty Mutual under the Bond. On August 17, 2009, the Court struck NOB's Third Amended Complaint without prejudice for NOB to re-file its claim against Liberty Mutual in a separate adversary proceeding and to seek consolidation of such an adversary proceeding with the Fair Proceeding. *See* August 21, 2009 Order [D.E. 80 in Fair Proceeding]; Transcript of August 17, 2009 hearing [D.E. 92 in Fair Proceeding].

9.     NOB complied with the Court's August 17, 2009 rulings by filing a revised Third Amended Complaint [D.E. 79 in the Fair Proceeding] (the "Fair Complaint").

10.     On September 8, 2009, Mr. Fair has filed an Answer and Affirmative Defenses [D.E. 87 in the Fair Proceeding].

11.     NOB commences this adversary proceeding against Liberty Mutual (i) pursuant to the Court's August 17, 2009 rulings; and (ii) with the intent to move to consolidate this adversary proceeding with the Fair Proceeding.

## DAN FAIR FAILED TO PERFORM HIS OFFICIAL DUTIES FAITHFULLY

12.     The Court appointed Mr. Fair to be the PSN Liquidating Trustee pursuant to paragraph RR and NNN of the Order Confirming Debtor's First Amended Plan of Liquidation, as Modified entered on December 24, 2002 [D.E. 446 in the underlying Chapter 11 case] (the "Confirmation Order").

13.     Mr. Fair's official duties as Trustee included implementation of the debtor's First Amended Plan of Liquidation as modified by the Confirmation Order (the "Plan"). *See*, *e.g.*, Plan at § 4.01 ("Responsibilities of the PSN Liquidating Trustee").

14. The Plan imposed an official duty on Mr. Fair of administering the Trust in good faith.

15. Mr. Fair failed to perform faithfully his official duties as Trustee, including but not limited to the following official duties:

> A. Mr. Fair failed to make distributions that the Plan required him to make on the Plan's Effective Date.
>
> B. Mr. Fair incurred fees and costs in pursuing claims objections that exceeded the Plan's $50,000 limitation on such fees and costs. *See* Plan at § 1.50 ("Objection Reserve").
>
> C. Mr. Fair commingled funds that the Plan required to be deposited and preserved in a special "Reserve Account" with other Trust assets.
>
> D. Mr. Fair depleted the Reserve Account funds by using those funds to pay himself and his professionals.
>
> E. On or about the Effective Date, Mr. Fair reserved an unreasonably large portion of "Net Cash Proceeds," which should have been distributed on the Effective Date.
>
> F. Mr. Fair failed to keep adequate financial records of Trust assets.
>
> G. Mr. Fair failed to resolve disputed claims pursuant to the provisions of the Plan.
>
> H. Mr. Fair failed to deposit Trust funds in interest bearing accounts as required by the Plan.
>
> I. Mr. Fair failed to keep adequate records of the status of disputed claims.
>
> J. Mr. Fair failed to comply with the provisions of the Plan regarding post-Effective Date distributions.

K.      Mr. Fair failed to make post-Effective Date distributions of "Net Cash Proceeds" to unsecured creditors as required by the Plan.

L.      Mr. Fair failed to comply with the compensation provisions of the Plan by paying fees and expenses to himself without Court approval between January 2003 and March 2006.

M.      Mr. Fair failed to comply with the compensation provisions of the Plan by paying fees and expenses to his counsel without Court approval between January 2003 and March 2006.

N.      Mr. Fair failed to maintain copies of the invoices submitted by his counsel.

O.      Mr. Fair failed to monitor the activities of his counsel.

P.      Mr. Fair failed to supervise the activities of his counsel.

Q.      Mr. Fair failed to perform any meaningful review of the invoices submitted by his counsel.

R.      Mr. Fair failed to perform any meaningful review of the work performed by his counsel.

S.      Mr. Fair failed to discharge his duties to administer the Trust assets in accordance with the Plan and instead allowed his counsel to assume unfettered control over the Trust assets without meaningful supervision or supervision.

T.      Mr. Fair failed to administer the Trust in good faith by, *inter alia*, submitting in bad faith a false affidavit in opposition to NOB's motion for summary judgment on the Trustee's objection to NOB's claim.

U.      Mr. Fair failed to administer the Trust in good faith by, *inter alia*, opposing in bad faith NOB's motions

       seeking his removal as Trustee and disgorgement of the fees improperly paid to his counsel.

  V. Mr. Fair failed to administer the Trust in good faith by, *inter alia*, failing to take any action to correct the misconduct disclosed in NOB's motions and other pleadings filed after March 2006.

  W. Mr. Fair failed to administer the Trust in good faith by, *inter alia*, failing to take any action to prevent his counsel from continuing to engage in misconduct after that misconduct was disclosed in NOB's motions and other pleadings filed after March 2006.

  X. Mr. Fair failed to administer the Trust in good faith by, *inter alia*, providing false or misleading testimony at his depositions and court hearings.

### DAN FAIR IS LIABLE TO NOB

16. The Plan and Trust Agreement provide that Mr. Fair is liable for acts or omissions that are grossly negligent or which have been performed with willful misconduct or fraud. *See* Plan at § 4.06; Trust Agreement at § 5.4.

17. Mr. Fair's failure to perform faithfully his official duties as Trustee, including but not limited to the conduct described in paragraphs 15(A) through 15(X), constitute gross negligence, willful misconduct and/or fraud (Mr. Fair's "Misconduct").

18. As a result of Mr. Fair's Misconduct, the unsecured creditors, including NOB, did not receive the distributions to which they were entitled under the Plan until more than five years after the Plan's Effective Date. They eventually received the Plan distributions only as a result of NOB's legal work in exposing Mr. Fair's Misconduct. In particular, as a result of NOB's legal work, the Court (i) recognized Mr. Fair's affidavit to be false; (ii) denied Mr. Fair's objection to NOB's claim; (iii) granted NOB's motion to remove Mr. Fair as Trustee by

relieving Mr. Fair of his obligations as Trustee; (iv) appointed the Examiner to assume Mr. Fair's official duties; and (v) granted NOB's motion for disgorgement of the fees Mr. Fair improperly paid to his counsel.

## COUNT ONE
### (Liability of a Surety)

19. NOB repeats the allegations set forth in paragraphs 1 through 18.

20. Liberty Mutual issued the Bond on January 8, 2003. *See* Attachment 1.

21. Pursuant to the Confirmation Order, Mr. Fair filed the Bond with the Court on or about May 15, 2003.

22. The Bond provides that Liberty Mutual has bound itself to the Court "for the faithful performance by [Mr. Fair] of [his] official duties as the [debtor's] Liquidating Trustee."

23. Pursuant to the Bond and as Mr. Fair's surety, Liberty Mutual is liable to NOB for any liability that Mr. Fair bears to NOB arising from Mr. Fair's failure to perform faithfully his official duties as Trustee.

24. As set forth above and in the Fair Complaint, Mr. Fair is liable to NOB for damages caused by his Misconduct, including but not limited to (i) decreased distributions from the Trust; (ii) delays in receiving distributions from the Trust; and (iii) damages for contempt of court, bad faith submission of a false affidavit, bad faith litigation and concealment of misconduct, including reasonable attorneys fees arising from NOB's legal work necessary to expose and correct Mr. Fair's Misconduct.

## COUNT TWO
### (Attorneys' Fees under Florida Statutes § 627.428)

25. NOB repeats the allegations set forth in paragraphs 1 through 24.

26. Upon the rendition of a judgment against Liberty Mutual under Count One, Florida Statutes §627.428 entitles NOB to an award of reasonable attorneys fees in obtaining such a judgment against Liberty Mutual, including reasonable attorneys arising from prosecuting this adversary proceeding as well as the Fair Proceeding.

WHEREFORE, NOB respectfully requests that the Court enter judgment as follows:

(A) On Count One, an order finding Liberty Mutual liable under the Bond to pay all damages awarded to NOB arising out of Mr. Fair's failure to perform faithfully his official duties as Trustee.

(B) On Count Two, an order finding Liberty Mutual liable to pay NOB's reasonable attorneys fees arising from this adversary proceeding and the Fair Proceeding.

(C) An award of costs and interest;

(D) Any other relief that this Court may deem just and appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of October, 2009, a true and correct copy of the foregoing was served via the Court's Case Management/Electronic Case Filing system (the "ECF system") on all interested parties who receive notice via the ECF system. I further certify that the undersigned attorney is appearing *pro hac vice* in this matter pursuant to court order dated December 6, 2004.

> BOLATTI & GRIFFITH
> Attorneys for the NOB Holdings Corp.
> 45 Broadway, Suite 2200
> New York, New York 10006
> Telephone: (212) 363-3780
> Facsimile: (212) 363-3790
>
>
> By: _____s/_____
> EDWARD GRIFFITH, ESQ